UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*

            Plaintiffs,

    v.

COTTAGE GROVE GLASS COMPANY
INCORPORATED, *et al.*,

            Defendants.

16 CV 11148

Judge John Blakey

## PLAINTIFFS' MOTION FOR ENTRY OF JUDGMENT

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Plaintiffs")

hereby move this Court to enter a judgment against defendants COTTAGE GROVE GLASS

COMPANY INCORPORATED, a dissolved Illinois corporation and PATRICIA KING doing

business as COTTAGE GROVE GLASS COMPANY INCORPORATED ("Defendants")

pursuant to Federal Rule of Civil Procedure 55. In support of their Motion, Plaintiffs state as

follows.

## I. SUMMARY OF DAMAGES.

For the reasons explained more fully below, this Court should award Plaintiffs

$16,621.67 in damages as follows:

| | | |
|---|---|---|
| (A) Unpaid Fringe Benefit Contributions | | $2,836.01 |
| (B) Interest | | $361.67 |
| (C) Liquidated Damages | | $902.94 |
| (D) Auditors' Fees | | $2,565.00 |
| (E) Attorneys' Fees and Costs | | $9,956.05 |
| Total | | $16,621.67 |

## II. ENTRY OF JUDGMENT.

### A. Defendants' Default.

On December 7, 2016, Plaintiffs filed a complaint against the Defendants under the

Employee Retirement Income Security Act ("ERISA") for unpaid fringe benefit contributions

owed by Defendants pursuant to an audit conducted by Plaintiffs' designated auditor, Legacy

Professionals, LLP ("Legacy") for the period October 19, 2015 through September 30, 2016.

Plaintiffs' complaint also sought a judgment for all unpaid contributions, interest and liquidated

damages, attorneys' fees and costs and auditors' fees pursuant to ERISA, the Area Agreements

and the trust agreements to which Defendants are signatory.

The complaint was served on Defendants on January 3, 2017. *See* Affidavits of Service,

Docket Nos. 5-6. The affidavits of service were filed with the Clerk of Court on January 4,

2017. *See* Affidavits of Service, Docket Nos. 5-6. Defendants failed to answer or appear. This

Court entered an order of default against Defendants on May 4, 2017. *See* Order, Docket Report

No. 18. That order provides in part that:

> Pursuant to Federal Rule of Civil Procedure 55(a), an order of default is hereby entered in favor of the CHICAGO REGIONAL COUNCIL OF CARPENTERS PENSION FUND *ET AL.* ("Trust Funds") and against defendants COTTAGE GROVE GLASS COMPANY INCORPORATED, a dissolved Illinois corporation; PATRICIA KING doing business as COTTAGE GROVE GLASS COMPANY INCORPORATED (collectively "Defendants"). Defendants are hereby ordered:

> A.      to provide the Trust Funds or their designated auditors, Legacy Professionals, LLP complete access to Defendant's books and records within twenty-one (21) days of the date of entry of this Order so that the Trust Funds may complete an audit of Defendant's fringe benefit contributions for the period October 19, 2015 through September 30, 2016;

> B.      to pay any and all amounts the Trust Funds may discover to be due pursuant to the audit, 29 U.S.C. §1132(g)(2)(A);

> C.      to pay auditor's fees incurred by the Trust Funds to complete the audit of Defendant's books and records, 29 U.S.C. §1132(g)(2)(E);

D.      to pay interest on the amount that is due, 29 U.S.C. §1132(g)(2)(B);

E.      to pay interest or liquidated damages on the amount that is due, whichever is greater, 29 U.S.C. §1132(g)(2)(C); and

F.      to pay reasonable attorneys' fees and costs the Trust Funds incurred in this action and attorneys' fees that the Trust Funds incur to obtain full compliance with this Order and to collect any amounts due and owing to the Trust Funds, 29 U.S.C. §1132(g)(2)(D).

It is further ordered that the Court reserves the right to award such other and further relief as the Court deems just and equitable.

*See* Order, May 4, 2017, Docket Report No. 18. Defendant Martin Grant was dismissed without prejudice on May 4, 2017. *See* Plaintiffs' *Ex Parte* Motion to Dismiss Defendant Martin Grant Without Prejudice Pursuant to Federal Rule of Civil Procedure 4, Docket Report No. 12.

After the entry of the order of default on May 4, 2017 and after entry of a rule to show cause, Plaintiffs were able to conduct an audit of Defendants' books and records which revealed unpaid fringe benefit contributions in the amount of $2,836.01. *See* Declaration of K. Guastaferri ¶¶6-7, Exhibit A; Order, June 30, 2017, Docket Report No. 21; Order, July 12, 2017, Docket Report No. 22; Order, August 2, 2017, Docket Report No. 25; Order, September 14, 2017, Docket Report No. 26.

After completion of the audit, Plaintiffs asked Defendants for additional information on December 22, 2017 but Defendants did not produce any additional documents in response to the audit. *See* Letter from K. McJessy to P. King, December 22, 2017, Exhibit D.

**B. Damages for Unpaid Fringe Benefit Contributions.**

Defendants are bound by the Area Agreement with the Chicago Regional Council of Carpenters ("Union"). *See* Declaration of K. Guastaferri ¶3, Exhibit A. Under ERISA, Defendants are liable to Plaintiffs for any unpaid fringe benefit contributions. ERISA states as follows:

In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan— **(A)** the unpaid contributions . . . .

*See* 29 U.S.C. §1132(g)(2)(A).  The audit of Defendants' books and records revealed unpaid fringe benefit contributions in the amount of $2,836.01.  *See* Declaration of K. Guastaferri ¶¶6-7, Exhibit A; Order, May 4, 2017, Docket Report No. 18.  Accordingly, this Court should award Plaintiffs $2,836.01 for unpaid fringe benefit contributions.

**C. Interest.**

Under ERISA, 29 U.S.C. §1132, Plaintiffs are entitled to collect interest on the unpaid contributions.  Section 1132(g)(2)(B) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> . . .
> **(B)** interest on the unpaid contributions,
> . . .
> For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under section 6621 of title 26.

*See* 29 U.S.C. §1132(g)(2).  And, section 6621 of title 26 provides as follows:

> **(2) Underpayment rate.**  The underpayment rate established under this section shall be the sum of—
> **(A)** the Federal short-term rate determined under subsection (b), plus
> **(B)** 3 percentage points.

*See* 26 U.S.C. §6621.

This is consistent with the trust agreements which also allow Plaintiffs to collect interest on the amount due.  *See* Declaration of K. Guastaferri ¶¶8-10, Exhibit A.  Therefore, Plaintiffs are entitled to recover interest based on the statute.

The amount due as interest on the fringe benefit contributions is $361.67. *See* Declaration of K. Guastaferri ¶¶8-10, 12, Exhibit A. Accordingly, this Court should award Plaintiffs interest in the amount of $361.67 pursuant to 29 U.S.C. §1132(g)(2).

### D. Liquidated Damages.

Under ERISA, 29 U.S.C. §1132, Plaintiffs are entitled to collect liquidated damages on the unpaid contributions. Section 1132(g)(2)(C)(ii) provides as follows:

> **(2)** In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
> . . .
> **(C)** an amount equal to the greater of—
>   . . .
> **(ii)** liquidated damages provided for under the plan in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),

This is consistent with the trust agreements which also allow Plaintiffs to collect liquidated damages of 1.5% monthly on the amount due. *See* Declaration of K. Guastaferri ¶¶8-10, Exhibit A.

The total liquidated damages calculated at 1.5% per month compounded equals $902.94. *See* Declaration of K. Guastaferri ¶¶8-10, Exhibit A. Accordingly, this Court should award Plaintiffs liquidated damages in the amount of $902.94 pursuant to 29 U.S.C. §1132(g)(2)(C)(ii).

### E. Auditor's Fees.

Under the terms of the Trust Agreements and the Area Agreement, a signatory employer is liable for reasonable fees of auditors retained by Plaintiffs used to establish the amount of delinquent contributions to Plaintiffs. *See* Declaration of K. Guastaferri ¶11, Exhibit A.

Moreover, ERISA, 29 U.S.C. §1132, likewise provides that Plaintiffs are entitled to recover auditors' fees incurred to prove the amount of contributions owed:

> ERISA itself grants the district court authority to award the plaintiffs their reasonable attorney's fees and costs in successful actions to collect unpaid fringe benefit contributions owed to multi-employer plans, 29 U.S.C. § 1132(g)(2)(D), along with 'such other legal or equitable relief as the court deems appropriate,' id. § 1132(g)(2)(E). This court, among others, has construed the latter provision to include an award of audit costs. *Moriarty ex rel. Local Union No. 727, I.B.T. Pension Trust v. Svec*, 429 F.3d 710, 721 (7th Cir. 2005) (*citing Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1343 (9th Cir. 1988)).

*See Trustees of the Chicago Plastering Institute Pension Trust v. Cork Plastering Co.*, 570 F.3d 890, 902 (7th Cir. 2009).

Plaintiffs incurred $2,565.00 in auditors' fees for the audit of Defendants' fringe benefit contributions to Plaintiffs during the Audit Period. *See* Declaration of K. Guastaferri ¶11, Exhibit A. Accordingly, this Court should award Plaintiffs $2,565.00 in reasonable auditors' fees for the audit of Defendants' books and records to determine that Defendant owed unpaid fringe benefit contributions.

### F. Attorneys' Fees and Costs.

Under the terms of the Trust Agreements and the Area Agreement, Defendants are liable for reasonable attorneys' fees and costs incurred by Plaintiffs to collect delinquent contributions because Plaintiffs were required to hire counsel to compel the audit of Defendants and to collect the amount due from Defendants. *See* Declaration of K. Guastaferri ¶9, Exhibit A.

Defendants have a statutory obligation to pay attorneys' fees and costs. Under ERISA, 29 U.S.C. §1132, Plaintiffs are entitled to recover attorneys' fees and costs incurred to collect the unpaid contributions. Section 1132(g) provides as follows:

> (g) Attorney's fees and costs; awards in actions involving delinquent contributions … (2) In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the <u>court shall award the plan</u>—…. (D) reasonable attorney's fees and costs of the action, to be paid by the defendant …

*See* 29 U.S.C. §1132(g)(2) (emphasis added). Defendants are also liable for attorneys' fees and

costs incurred by Plaintiffs to enforce any judgment entered in this matter. *See Free v. Briody,*

793 F.2d 807, 808-09 (7th Cir. 1986).

Here Plaintiffs incurred $9,956.05 in attorneys' fees and costs as stated in the affidavit

and detailed billing statements accompanying this petition. *See* Declaration of K. McJessy ¶¶6-

8, Exhibit B. Billing statements are admissible to show the reasonableness of attorneys' fees and

costs in ERISA cases. *See Trustees of the Chicago Plastering Inst. Pension Trust*, 570 F.3d at

903 (relying on attorneys "time records"); *Chicago Regional Council of Carpenters Pension*

*Fund v. RCI Enterprises, Inc.*, 2011 U.S. Dist LEXIS *6-7 (N.D. Ill., July 20, 2011) (Feinerman,

J.) (relying on billing time records for award of attorneys' fees).

Moreover, the fees charged here of $220/hour and $205/hour for attorney time are

reasonable compared to the rates charged by other attorneys handling similar ERISA matters in

the Northern District of Illinois. As a matter of law, the Northern District of Illinois has

recognized that hourly rates of $195 per hour to $250 per hour are reasonable rates for attorney

time for ERISA litigation. *See Trustees of the Chicago Regional Council of Carpenters Pension*

*Fund v. RCI Enterprises, Inc.,* 2011 U.S. Dist. LEXIS *6 (N.D. Ill.) (holding that attorney rates

of $180/hr for a junior attorney to $250/hr for a partner are reasonable hourly rates for ERISA

lawsuit by the Chicago Regional Council of Carpenters); *Board of Trustees of the Rockford Pipe*

*Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill.

Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are

reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid

contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7,

2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

Accordingly, this Court should award Plaintiffs $9,956.05 in reasonable attorneys' fees and costs for the audit of Defendants' books and records to determine that Defendants owed unpaid fringe benefit contributions.

## III. CONCLUSION.

For the forgoing reasons, Plaintiffs respectfully request that this Court enter final judgment for Plaintiffs in the amount of $16,621.67 as follows:

A.    $2,836.01 in unpaid contributions pursuant to the audit;

B.    $2,565.00 for auditor's fees incurred by Plaintiffs to complete the audit of Defendant's books and records;

C.    $361.67 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.    $902.94 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

E.    $9,956.05 in reasonable attorneys' fees and costs Plaintiffs incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

Plaintiffs shall also recover reasonable attorney' fees and costs incurred by Plaintiffs in enforcing this order and any such further relief as this Court deems appropriate. *See Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986). A proposed order is attached hereto as Exhibit C.

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND *et al.*

By:   s/ Kevin P. McJessy
          One of Their Attorneys

Kevin P. McJessy
McJessy, Ching & Thompson, LLC
3759 North Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260
(773) 880-1265 (facsimile)
mcjessy@MCandT.com

## CERTIFICATE OF SERVICE

I, Kevin P. McJessy, an attorney, certify that I caused the foregoing **Plaintiffs' Motion for Entry of Judgment** to be served upon

Patricia King
President
Cottage Grove Glass Company, Inc.
7401 S. Cottage Grove
Chicago, Illinois, 60619

via U.S. First Class Mail, postage prepaid, deposited in the United States Mail Depository located at 3759 N. Ravenswood, Chicago, Illinois on February 12, 2018.

　　s/ Kevin P. McJessy
Kevin P. McJessy

# 16 CV 11148

# Exhibit A

| | |
|---|---|
| CHICAGO REGIONAL COUNCIL OF<br>CARPENTERS PENSION FUND, *et al.*<br><br>Plaintiffs,<br><br>v.<br><br>COTTAGE GROVE GLASS COMPANY<br>INCORPORATED, a dissolved Illinois<br>corporation; PATRICIA KING doing business as<br>COTTAGE GROVE GLASS COMPANY<br>INCORPORATED; and MARTIN GRANT<br>doing business COTTAGE GROVE GLASS<br>COMPANY INCORPORATED,<br><br>Defendants. | 16 CV 11148<br><br>Judge John Blakey |

## DECLARATION OF KRISTINA M. GUASTAFERRI

I, Kristina M. Guastaferri, hereby state as follows:

1.      I am the Administrator for the Chicago Regional Council of Carpenters Pension

Fund, the Chicago Regional Council of Carpenters Health and Welfare Fund, the Chicago and

Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program and the

Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the Trust

Funds").

2.      As part of my duties, I am responsible for managing the collection of

contributions for medical, pension and other benefits due from employers pursuant to the

collective bargaining agreement between the employers and the Chicago Regional Council of

Carpenters ("Union"). Accordingly, I am familiar with the terms of the current collective

bargaining agreement ("Area Agreement") and the trust agreements establishing the Trust Funds.

3.      Cottage Grove Glass Company Incorporated, ("Defendant"), is an employer

bound by the Area Agreement with the Union because Defendant signed an Agreement with the

Union. A copy of the Agreement with the Union signed by Defendant binding the Defendant to the Area Agreement is attached as Exhibit 1. The Agreement further provides that Defendant agreed to be bound by the trust agreements establishing the Trust Funds and by the rules and regulations adopted by the Trustees of each Trust Fund. The Area Agreement, the trust agreements and the rules and regulations are collectively referred to herein as "Agreements."

4.     Pursuant to the Agreements, Defendant is required to pay fringe benefit contributions to the Trust Funds for work performed by Defendant's employees and Defendant's non-union subcontractors performing work falling within the jurisdiction of the Union.

5.     Pursuant to the Agreements, Defendant also agreed to submit to a periodic audit of its books and records in order to verify the accuracy of the contributions reported and paid to the Trust Funds.

6.     The Trust Funds engaged Legacy Professionals, LLP ("Legacy") to conduct an audit of Defendant's fringe benefit contributions to the Trust Funds for the period October 19, 2015 to June 30, 2017 ("Audit Period").

7.     Legacy prepared a report ("Audit Report") of Defendant's fringe benefit contributions to the Trust Funds based on Legacy's review of Defendant's records. Legacy delivered its Audit Report to the Trust Funds. A true and accurate copy of the Audit Report maintained in the Trust Funds' records is attached as Exhibit 2. According to the Audit Report and based on the records produced by Defendant, Defendant owes $2,836.01 in unpaid fringe benefit contributions to the Trust Funds owed, in part, on behalf of Dontez E. Morris. I have reviewed the Trust Funds' records and Mr. Morris was a Union member during the audit period, and he is still a Union member.

8.     The Agreements provide that the Trust Funds collect liquidated damages on unpaid fringe benefit contributions at a rate of 1½ percent compounded monthly. The

Agreements also provide that the Trust Funds collect interest on unpaid fringe benefit contributions as allowed by law.

9.     Because Defendant failed to comply with the terms of the Agreements, the Trust Funds have had to employ the services of the law firm McJessy Ching & Thompson, LLC. As a result, the Trust Funds incurred attorneys' fees and costs.

10.    A summary of the damages owed according to the Audit Report as of February 8, 2018 is attached hereto as Exhibit 3. Defendant owes $361.67 in unpaid interest calculated pursuant to 26 U.S.C. §6621 and $902.94 in unpaid liquidated damages calculated in accordance with the Agreements.

11.    The Trust Funds paid Legacy $2,565.00 in fees for Legacy to conduct its review of Defendant's books and records and to prepare the Audit Report.

12.    In sum, based on the records produced by Defendant, Defendant owes unpaid contributions of $2,836.01, interest of $361.67, liquidated damages of $902.94, auditors' fees of $2,565.00 plus the attorneys' fees and costs incurred by the Trust Funds in this lawsuit.

13.    I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

I, Kristina M. Guastaferri, hereby declare, under penalty of perjury pursuant to the laws of the United States, that the forgoing statements are true to the best of my knowledge information and belief.

_____
Kristina M. Guastaferri, CPA

Executed on:

_2/12/2018_____
Date

# EXHIBIT 1

# *Memorandum of Agreement*

| | | | |
|---|---|---|---|
| **Employer** | COTTAGE GROVE GLASS COMPANY, INC. | **Address:** | 7401 S. COTTAGE GROVE |
| **City** | CHICAGO     **State** IL    **Zip** 60619 | **PHONE** | 773-226-1550 |

THIS AGREEMENT is entered into between the Chicago Regional Council of Carpenters ("Union") and the Employer, including its successors and assigns covering the geographic jurisdiction of the Union including the following counties in Illinois: Boone, Bureau, Carroll, Cook, De Kalb, DuPage, Grundy, Henderson, Henry, Iroquois, Jo Daviess, Kane, Kankakee, Kendall, Lake, La Salle, Lee, Marshall, McHenry, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, Will, Winnebago. The following counties in Iowa: Allamakee, Appanoose, Benton, Black Hawk, Bremer, Buchanan, Butler, Cedar, Cerro Gordo, Chickasaw, Clayton, Clinton, Davis, Delaware, Des Moines, Dubuque, Fayette, Floyd, Franklin, Grundy, Hancock, Henry, Howard, Iowa, Jackson, Jefferson, Johnson, Jones, Keokuk, Kossuth, Lee, Linn, Louisa, Mahaska, Mitchell, Monroe, Muscatine, Scott, Tama, Van Buren, Wapello, Washington, Wayne, Winnebago, Winneshiek, Worth, Wright. The following counties in Wisconsin: Kenosha, Milwaukee, Ozaukee, Racine, Washington and Waukesha. The Union and the Employer do hereby agree to the following:

1. The Employer recognizes the Union as the sole and exclusive bargaining representative on behalf of its employees who are working within the territorial and occupational jurisdiction of the Union.

2. The Employer has reviewed sufficient evidence and is satisfied that the Union is the exclusive bargaining representative of a majority of its employees presently working within the territorial and occupational jurisdiction of the Union.

3. The Employer and the Union agree to incorporate into this Memorandum Agreement and to be bound by the Agreements negotiated between the Chicago Regional Council of Carpenters and various employers and employer associations, including all Area Agreements for the period beginning with the execution of this Memorandum Agreement and ending on the expiration dates of any current and successor Agreements which are incorporated herein (see attached list). Unless the Employer provides written notice by certified mail to the Chicago Regional Council of its desire to terminate or modify the Agreement at least three (3) calendar months prior to the expiration of such Agreements, the Agreement shall continue in full force and effect through the full term and duration of all subsequent Agreements which are incorporated by reference.

4. The Employer agrees to be bound to the terms of the various Trust Agreements to which contributions are required to be made under the Agreements incorporated in Paragraph 3, including all rules and regulations adopted by the Trustees of each Fund.

In Witness Whereof the parties have executed this Memorandum of Agreement on this **19th** day of **October, 2015.**

**EMPLOYER**

Martin Grant

MARTIN GRANT, VP
Print Name and Title

**CHICAGO REGIONAL COUNCIL OF CARPENTERS**

Authorized Regional Council Representative

(Central Region)

Mid American Regional Bargaining Association, Cook, Lake and DuPage
Mid American Regional Bargaining Association, Kane, Kendall and McHenry
Mid American Regional Bargaining Association, Will
Kankakee Contractors Association
Residential Construction Employers Council, Cook, Lake and DuPage
Residential Construction Employers Council, Will
Residential Construction Employers Council, Grundy
Woodworkers Association of Chicago (Mill-Cabinet)
Contractors Association of Will and Grundy Counties
Gypsum Drywall Contractors of Northern Illinois/Chicagoland Association of Wall and Ceiling Contractors
(Western Region)

Illinois

Quad City Builders Association, Commercial, Rock Island Mercer, Henry and Henderson
Floor Covering, Rock Island, Mercer, Henry and Henderson
Residential, Henry, Mercer and Henderson
Illinois Valley Contractors' Association, Bureau, LaSalle, Marshall, Putnam and Stark
Window and Door, Boone, Bureau, Carroll, DeKalb, Henderson, Henry, Jo Daviess, LaSalle, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside and Winnebago
Commercial/Residential, DeKalb, Eastern Ogle and cities in Sandwhich and Somonauk
Residential Construction Employers' Council, DeKalb, Eastern Ogle and cities in Sandwich and Somonauk
Residential Construction Employers' Council, Boone, Carroll, Jo Daviess, Lee, Ogle, Stephenson, Whiteside and Winnebago
Northern Illinois Building Contractors Association Inc., Boone, Carroll, Jo Davies, Lee, Ogle, Stephenson, Whiteside and Winnebago
Floor Covering, Boone, Carroll, DeKalb, Jo Daviess, Lee, Lee, Ogle, Stephenson, Whiteside and Winnebago
Millwright, Boone, Bureau, Carroll, DeKalb, Henderson, Jo Davies, LaSalle, Lee, Marshall, Mercer, Ogle, Putnam, Rock Island, Stark, Stephenson, Whiteside, and Winnebago
Associated General Contractors of Illinois (Heavy and Highway) Highway Districts 2-7 and portions of 1 and 8

Iowa

Commercial, Muscatine, Scott, Louisa north of Iowa River
Floorcovering, Louisa north of Iowa River, Muscatine and Scott
Residential, Clinton, Louisa, Muscatine, Scott and Seven southern most townships of Jackson County including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa and Union
Heavy and Highway Associated Contractors Agreement Scott County
Herberger Construction Heavy and Highway
Heavy and Highway Contractors' Association- entire State except Scott County
Commercial Benton, Jones, Linn and Tama
Residential Benton, Jones, Linn and Tama
Commercial, Des Moines, Henry, Lee and Louisa south of Iowa River
Residential, Des Moines, Henry, Lee and Louisa south of Iowa River

Commercial/Residential Dubuque, Delaware, Clayton, and Six Northern Townships in Jackson
Commercial/Residential, Appanoose, Davis, Jefferson, Keokuk, Mahaska, Monroe, Van Buren, Wapello, and Wayne
Commercial, Clinton, Seven Southern most townships of Jackson including Monmouth, South Fork, Maquoketa, Fairfield, Van Buren, Iowa, and Union
Floor Covering, Dubuque, Delaware, Clayton, and six Northern Townships in Jackson Window and Door, State
Commercial, Cedar, Iowa, Johnson, Poweshiek and Washington
Commercial Interior Systems, Cedar, Iowa, Johnson, Poweshiek and Washington
Residential, Cedar, Iowa, Johnson, Poweshiek and Washington
Commercial, Cerro Gordo, Franklin, Hancock, Kossuth, Winnebago, Worth and Wright, Buchanan, Independent Contractors of Waterloo (Commercial) Butler, Chickasaw, Fayette, Floyd, Grundy, Howard, Mitchell, Winneshiek
Millwright, Adair, Allamakee, Appanoose, Benton, Black Hawk, Boone, Bremer, Buchanan, Butler, Cedar, Calhoun, Carroll, Cerro Gordo, Chickasaw, Clayton, Clarke, Clinton, Dallas, Davis, Decatur, Delaware, Des Moines, Dubuque, Emmet, Fayette, Floyd, Franklin, Greene, Grundy, Guthrie, Hamilton, Hancock, Hardin, Henry, Howard, Humboldt, Iowa, Jackson, Jasper, Jefferson, Johnson, Jones, Keokuk, Lee, Linn, Lucas, Louisa, Madison, Mahaska, Marion, Marshall, Mitchell, Monroe, Muscatine, Palo Alto, Pocahontas, Polk, Poweshiek, Ringhold, Scott, Story, Tama, Union, Van Buren, Warren, Wapello, Washington, Wayne, Webster, Winnebago, Winneshiek, Worth, Wright

(Northern Region)

Commercial Carpenters and Floor Coverers' Agreement (Wisconsin)
Commercial Carpenters Agreement, Kenosha/Racine
Millwright Erectors' Agreement
Pile Drivers' Agreement
Insulators Agreement
Overhead Door Agreement

The Employers Acknowledges receipt of a current copy of each agreement under which the company will be performing work. Each of the agreements are available upon request

It is also understood and agreed that it is the Employers obligation to make a written request of additional Collective Bargaining Agreement(s) in the event that the Company performs work in areas for which it has not already obtained a copy of the applicable Agreement.

Employer

Date 10|19|15

## Side Letter Agreement

This Side Letter Agreement is entered into this 19th day of October, 2015 between the Chicago Regional Council of Carpenters ("Union") and Cottage Grove Glass Co, Inc. ("Employer") and shall be incorporated into and made part of the Collective Bargaining Agreement ("CBA") between the parties.

The following is agreed:

1. The employer recognizes the requirement that it secure a wage and fringe benefit bond in accord with the provisions contained in Article XV of the Area Agreement.
2. At the time that the Agreement is executed the Union agrees that Cottage Grove Glass Co, Inc., shall have 90 days to secure the required $10,000 bond. During the 90 day period or in the event that the employer does not comply with this Side Letter Agreement, the Union will enforce the provisions contained in both Articles III and XV of the Area Agreement.
3. Nothing contained in this Side Letter Agreement is intended to amend or modify the terms contained in the applicable CBA, and gives the employer no more favorable terms under the applicable Agreement.

_____  
Cottage Grove Glass Co, Inc.

_____  
Chicago Regional Council of Carpenters

10/19/15  
**Date**



EXHIBIT 2

# Records Reviewed

| | | | |
|---|---|---|---|
| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | Phone: | (773) 226-1550 |
| Phone: | (773) 226-1550 | | |

| ERISA Employer Audit Results | |
|---|---|
| Discrepancy Total Hours | 97.19 |
| Discrepancy Benefit Hours | 97.19 |
| Discrepancy Amount | $2,836.01 |
| Liquidated Damages | $567.20 |
| Grand Total | $3,403.21 |

| Associated Account(s) |
|---|
| |

| Reviewed | Employer Records |
|---|---|
| Yes | Annual Federal Unemployment Tax Return (940) |
| Yes | Bank Statements |
| No | Cash Disbursement Journals |
| Yes | Check Register / Cancelled Checks / Vouchers |
| N/A | Construction Loan Data |
| N/A | Contribution Reports to All Other Funds |
| Yes | Contribution Reports to Audited Funds |
| No | Federal Income Tax Returns (1120 or 1065) |
| No | General Ledgers |
| Yes | Individual Earnings Records |
| No | Invoices from Sub-Contractors |
| No | Job List/Job Cost Records |
| N/A | Miscellaneous Income Payment Reports (1099) |
| No | Payroll Journals |
| Yes | Quarterly Federal Tax Returns (941) |
| Yes | Quarterly Unemployment Wage Reports |
| N/A | Summary of Information Returns (1096) |
| No | Time Cards |
| Yes | Transmittal of Income and Tax Statements (W-3) |
| No | Vendor List |
| Yes | Wage and Tax Statements (W-2) |

| | | | |
|---|---|---|---|
| Initiation Type: | New Agreement | | Copy Forwarded to Attorney |
| Date Reviewed: | 11/29/17 | Reviewer: | *Victor Ancel J, CPA* |

# Discrepancy Summary By Month

| | | | |
|---|---|---|---|
| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | | |
| Phone: | (773) 226-1550 | Page: | 1 of 8 |

| Reporting Period | Discrepancy Total Hours | Discrepancy Benefit Hours | Contribution Rate | Discrepancy Amount |
|---|---|---|---|---|
| October 2015 | (22.50) | (22.50) | $29.18 | ($656.55) |
| November 2015 | (35.03) | (35.03) | $29.18 | ($1,022.18) |
| December 2015 | 96.15 | 96.15 | $29.18 | $2,805.66 |
| February 2016 | 51.32 | 51.32 | $29.18 | $1,497.52 |
| March 2016 | 7.25 | 7.25 | $29.18 | $211.56 |

| | | | | | |
|---|---|---|---|---|---|
| Total Hours | 97.19 | Benefit Hours | 97.19 | Discrepancy Amount | $2,836.01 |
| | | | | Liquidated Damages | $567.20 |
| | | | | Total Amount Due | $3,403.21 |

# Discrepancy Summary By Error Type

| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
|---|---|---|---|
| Employer:<br>Address: | Cottage Grove Glass Co Inc<br>7401 S Cottage Grove Ave<br>Chicago, IL 60619 | Contact:<br>Title: | Patricia King<br>Owner |
| Phone: | (773) 226-1550 | Page: | 2 of 8 |

| Code | Description | Dollar Amount |
|---|---|---|
| | **SIGNATORY EMPLOYER: PAYROLL** | |
| P1 | Clerical Error | ($2,582.43) |
| P4 | Current Record | $5,418.44 |
| | Sub-Total Discrepancies From All Listed Codes | $2,836.01 |
| | Liquidated Damages | $567.20 |
| | Total Amount Due | $3,403.21 |

# Liquidated Damages Schedule

| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
|---|---|---|---|
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | | |
| Phone: | (773) 226-1550 | Page: | 3 of 8 |

| Reporting Period | Contributions Due | Compounding Periods | Calculating Percentage | Total Liquidated Damages Owed |
|---|---|---|---|---|
| October 2015 | ($656.55) | | | |
| November 2015 | ($1,022.18) | | | |
| December 2015 | $2,805.66 | 23 | 20.00% | $561.13 |
| February 2016 | $1,497.52 | 21 | 20.00% | $299.50 |
| March 2016 | $211.56 | 20 | 20.00% | $42.31 |

| | | | | |
|---|---|---|---|---|
| | | | Total Damages this Schedule | $902.94 |
| Total Discrepancies | $2,836.01 | | 20% of Discrepancies | $567.20 |
| | | | **Assessed Damages** | $567.20 |

**Legacy Professionals LLP**

# Monthly Detail Report

| | |
|---|---|
| Account Number: | 25509 |
| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

| | |
|---|---|
| Engagement Period: | October 19, 2015 to June 30, 2017 |
| Month: | **October 2015** |
| Page # : | 4 of 8 |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | | | Capped Hours | Total Hour Difference | Benefit Hour Difference |
| | | | | | Ck Date 9-Oct | Ck Date 16-Oct | Ck Date 23-Oct | Ck Date 30-Oct | Ck Date 6-Nov | Total Hours | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| ▬▬▬ | ARMSTRONG WYNSLEY | P1 | 48.50 | 48.50 | 0.00 | 0.00 | 0.00 | 0.00 | 26.00 | 26.00 | | (22.50) | (22.50) |
| | | Total | | | 0.00 | 0.00 | 0.00 | 0.00 | 26.00 | 26.00 | | (22.50) | (22.50) |

Total Items Listed in this Period:   1.00

Account Number: 25509

Engagement Period: October 19, 2015 to June 30, 2017

Employer: Cottage Grove Glass Co Inc
Address: 7401 S Cottage Grove Ave
Chicago, IL 60619
Phone: (773) 226-1550

Month: November 2015

Page #: 5 of 8

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 13-Nov | Ck Date 20-Nov | Ck Date 27-Nov | Ck Date 4-Dec | | | | |
| | ARMSTRONG WYNSLEY | P1 | 98.50 | 98.50 | 22.50 | 30.00 | 34.00 | 0.00 | 86.50 | | (12.00) | (12.00) |
| | HUBBARD ANDRE | P1 | 48.00 | 48.00 | 0.00 | 0.00 | 15.00 | 0.00 | 15.00 | | (33.00) | (33.00) |
| | Morris Dontez E | P4 | 0.00 | 0.00 | 0.00 | 0.00 | 30.97 | 0.00 | 30.97 | | 30.97 | 30.97 |
| | STONE JIMMY | P1 | 66.00 | 66.00 | 0.00 | 30.00 | 30.00 | 0.00 | 60.00 | | (6.00) | (6.00) |
| | TAYLOR DEVIN | P1 | 45.00 | 45.00 | 19.50 | 21.50 | 0.00 | 0.00 | 41.00 | | (4.00) | (4.00) |
| | WILLIS JOSEPH | P1 | 56.00 | 56.00 | 0.00 | 22.50 | 22.50 | 0.00 | 45.00 | | (11.00) | (11.00) |
| | Total | | | | 42.00 | 104.00 | 132.47 | 0.00 | 278.47 | 0.00 | (35.03) | (35.03) |

Total Items Listed in this Period: 6.00

**Legacy Professionals LLP**

# Monthly Detail Report

| | |
|---|---|
| Account Number: | 25509 |
| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

| | |
|---|---|
| Engagement Period: | October 19, 2015 to June 30, 2017 |
| Month: | December 2015 |
| Page # : | 6 of 8 |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 11-Dec | Ck Date 18-Dec | Ck Date 25-Dec | | | | | |
| �adeleted | Morris Dontez E | P4 | 0.00 | 0.00 | 34.87 | 0.00 | 61.28 | | 96.15 | | 96.15 | 96.15 |
| | | Total | 0.00 | 0.00 | 34.87 | 0.00 | 61.28 | 0.00 | 96.15 | | 96.15 | 96.15 |

Total Items Listed in this Period:        1.00

Legacy Professionals LLP

# Monthly Detail Report

| Account Number: | 25509 | | Engagement Period: | October 19, 2015 to June 30, 2017 |
|---|---|---|---|---|
| Employer: | Cottage Grove Glass Co Inc | | Month: | February 2016 |
| Address: | 7401 S Cottage Grove Ave | | Page # : | 7 of 8 |
| | Chicago, IL 60619 | | | |
| Phone: | (773) 226-1550 | | | |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 5-Feb | Ck Date 12-Feb | Ck Date 19-Feb | Ck Date 26-Feb | | | | | |
| ▓▓▓▓ | Morris Dontez E | P4 | 0.00 | 0.00 | 14.87 | 0.00 | 36.45 | 0.00 | 51.32 | | 51.32 | 51.32 |
| | | Total | 0.00 | 0.00 | 14.87 | 0.00 | 36.45 | 0.00 | 51.32 | | 51.32 | 51.32 |

Total Items Listed in this Period: 1.00

Legacy Professionals LLP

# Monthly Detail Report

| Account Number: | 25509 |
| | |

Engagement Period: October 19, 2015 to June 30, 2017

| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

Month: **March 2016**

Page # : 8 of 8

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
| | | | | | Ck Date 4-Mar | Ck Date 11-Mar | Ck Date 18-Mar | Ck Date 25-Mar | | | | |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | Morris Dontez E | P4 | 0.00 | 0.00 | 7.25 | 0.00 | 0.00 | 0.00 | 7.25 | | 7.25 | 7.25 |
| | Total | | 0.00 | 0.00 | 7.25 | 0.00 | 0.00 | 0.00 | 7.25 | | 7.25 | 7.25 |

Total Items Listed in this Period:      1.00



EXHIBIT 3

| Cottage Grove Glass Co Inc | | 02/08/2018 |
|---|---|---|
| Acct# 25509 | | |
| | | |
| Audit Discrepancies | $ | 2,836.01 |
| Liquidated Damages | $ | 902.94 |
| Interest | $ | 361.67 |
| Audit Fees | $ | 2,565.00 |
| Sub-Total | $ | 6,665.62 |
| | | |
| Attorney Fees | | ?? |
| | | |
| Total | | $6,665.62 + Atty Fees |

16 CV 11148

# Exhibit B

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, *et al.*

Plaintiffs,

v.

COTTAGE GROVE GLASS COMPANY
INCORPORATED, *et al.*,

Defendants.

16 CV 11148

Judge John Blakey

## DECLARATION OF KEVIN P. MCJESSY

I, Kevin P. McJessy, hereby declare, under penalty of perjury pursuant to the laws of the United States, that the following statements are true:

1.     I am one of the attorneys representing the Chicago Regional Council of Carpenters Pension Fund, the Chicago Regional Council of Carpenters Welfare Fund, the Chicago and Northeast Illinois Regional Council of Carpenter Apprentice and Trainee Program, and the Labor/Management Union Carpentry Cooperation Promotion Fund (collectively "the Trust Funds") in the above-captioned lawsuit ("Lawsuit") against COTTAGE GROVE GLASS COMPANY INCORPORATED, a dissolved Illinois corporation and PATRICIA KING doing business as Cottage Grove Glass Company Incorporated ("Defendants").

2.     I have been licensed to practice law in the State of Illinois and the United States District Court for the Northern District of Illinois since 1995. I am an attorney with McJessy, Ching & Thompson, LLC ("MC&T").

3. As part of my practice, I handle claims under ERISA. I personally represented the Trust Funds in this Lawsuit. I have represented the Trust Funds in this Lawsuit since its inception. As such I am familiar with the matters set forth in this declaration.

4. Joseph Borders is an attorney with MC&T. He has been an attorney since 1993.

5. John Sopata is an attorney with MC&T. He has been an attorney since 1999.

6. Sheila Keating is a paralegal with MC&T. She has been a paralegal since 1987.

7. The Trust Funds have incurred $9,956.05 in fees and expenses to compel Defendants to comply with their obligations under the terms of the Collective Bargaining Agreement and applicable trust agreements.

8. The Trust Funds have collectively incurred fees totaling $9,365.00 for 38.50 hours of attorney services and $710.00 for 7.10 hours of paralegal services. A copy of the client ledger showing the time spent and a description of the work performed is attached as Exhibit 1.

| Name | Services | Hours | Rate | Total |
|------|----------|-------|------|-------|
| Kevin McJessy ("KM") | Attorney | 31.50 | $220/hr. | $6,930.00 |
| Joseph Borders ("JB") | Attorney | 0.30 | $205/hr. | $61.50 |
| John Sopata ("JS") | Attorney | 6.70 | $205/hr. | $1,373.50 |
| Sheila Keating ("SK) | Paralegal | 7.10 | $100/hr. | $710.00 |
| Total | | | | 9,075.00 |

The hourly rate for attorneys and paralegals charged to the Trust Funds as set forth above is consistent with the rates approved in the Northern District of Illinois for ERISA collection work. *See, e.g., Rappa v. Sun Life Assur. Co.*, 2014 U.S. Dist. LEXIS 124896, *11 (W.D. Wis. Sept. 8, 2014) ("Sun Life does not object to plaintiff's counsel's rate of $300 per hour, and the court finds

that rate reasonable given the nature of ERISA cases."); *Board of Trustees of the Rockford Pipe Trades Indus. Pension Fund v. Fiorenza Enters.*, 2011 U.S. Dist. LEXIS 28209, 21-22 (N.D. Ill. Mar. 18, 2011) ("the court finds that the hourly rates [of $195, $210 and $235 per hour] . . . are reasonable" for fringe benefit trust funds lawsuit against employer to collect unpaid contributions); *Divane v. Mitchell Sec. Sys.*, 2008 U.S. Dist. LEXIS 27825 (N.D. Ill. Apr. 7, 2008) ("The court finds that the billing rates [of $220.00 to 240.00 for attorneys] are reasonable.").

9.      The Trust Funds incurred $881.05 in expenses for the filing fee, process server charges, photocopy charges, postage charges and legal research charges.  A detailed description of all expenses incurred by the Trust Funds in this matter is shown in the cost summary attached as Exhibit 2.

10.     The attorneys' fees, paralegal fees and costs charged to the Trust Funds in this matter are consistent with MC&T's regular charges for services to the Trust Funds on similar matters.

11.     I have personal knowledge of the matters stated in this affidavit and could testify competently to them.

FURTHER AFFIANT SAYETH NOT.

_____     2/12/18
Kevin P. McJessy                     Date

16 CV 11148

# Exhibit 1

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|

**1000  Chicago Regional Council of Carpenters -**
**0288-COTT     Cottage Grove Glass Co., Inc. - Audits**          **Resp Lawyer: KM**

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| 9/21/2016 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed correspondence from S. Gamboa requesting demand letter because Cottage Grove Glass is not complying with audit. (.1) Research corporate information to confirm contact information for company. (.1) Prepared audit demand letter to Cottage Grove Glass. (.2) | KM | 0.40 | 88.00 | |
| 10/4/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed and responded to correspondence from S. Gamboa regarding no contact from Cottage Grove Glass and he will prepare a "No Audit No Cooperation" report. | KM | 0.10 | 22.00 | |
| 11/7/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from Legacy Professionals forwarding audit report of Cottage Grove. | KM | 0.10 | 22.00 | |
| 12/6/2016 | Lawyer: KM 2.20 Hrs X 220.00 | Reviewed REDACTED from client REDACTED REDACTED Research on issues related to status of Cottage Grove and personal liability of principals. Drafted complaint. Reviewed and revised appearance, civil cover sheet and summonses. | KM | 2.20 | 484.00 | |
| 12/6/2016 | Lawyer: KM 0.30 Hrs X 220.00 | Telephone call with J. Conklin regarding REDACTED REDACTED (.2) Reviewed correspondence from J. Conklin REDACTED reviewed attached reports. (.1) | KM | 0.30 | 66.00 | |
| 12/7/2016 | Lawyer: SK 1.50 Hrs X 100.00 | Prepared civil cover sheet, attorney appearance and summonses to Cottage Grove Glass, Patricia King and Martin Grant (.4). Filed complaint, cover sheet and appearance with court (.4). Reviewed ECF notice regarding judges' assignments and completed summonses as appropriate (.3). Prepared email correspondence to court intake clerk forwarding summonses for issuance (.2). Prepared correspondence to J. Libby and J. Conklin REDACTED (.2). | SK | 1.50 | 150.00 | |
| 12/7/2016 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order assigning case to Judge Blakey and Magistrate Gilbert. | KM | 0.10 | 22.00 | |
| 1/4/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Reviewed process server's affidavit of service of Cottage Grove Glass and Patricia King; filed affidavit of service of Cottage Grove with court; filed affidavit of service of Patricia King with court. | SK | 0.40 | 40.00 | |
| 1/4/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Reviewed proofs of service for service on Patricia King and Cottage Grove Glass. (.1) Confer with S. Keating regarding additional research on location of M. Grant. (.1) Reviewed LEXIS report on M. Grant for additional relevant information on his whereabouts. (.2) | KM | 0.40 | 88.00 | |
| 1/30/2017 | Lawyer: SK 0.20 Hrs X 100.00 | Filed initial status report with court. | SK | 0.20 | 20.00 | |
| 2/1/2017 | Lawyer: KM 0.80 Hrs X 220.00 | Reviewed file for status of service and confer with S. Keating regarding same. (.2) Reviewed materials and reports related to defendant Martin Grant, service attempts and whereabouts based on searches. (.4) Prepared correspondence to client, J. Conklin and J. Libby, REDACTED | KM | 0.80 | 176.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| | | REDACTED<br>(.1) Telephone call to J. Conklin regarding<br>REDACTED<br>(.1) | | | | |
| 2/2/2017 | Lawyer: KM 0.70<br>Hrs X 220.00 | Telephone call with J. Conklin regarding REDACTED<br>REDACTED . (.3)<br>Reviewed correspondence from J. Conklin REDACTED<br><br><br>partially reviewed lengthy report. (.3) Arranged with S. Keating to review WESTLAW report and to follow up on any likely address locations. (.1) | KM | 0.70 | 154.00 | |
| 2/3/2017 | Lawyer: SK 0.60<br>Hrs X 100.00 | Internet search for Cincinnati process server for service of Martin Grant; confer with Precision Investigations re: estimate for skip trace of M. Grant in Cincinnati and service (to confirm he is at 12123 Sycamore Terrace and to locate apartment location within the apartment complex); reviewed prior local process server documents and prepared report to Precision Investigations on information we currently have on M. Grant; confer with local process server re: 1601 N. Cleveland address of M. Grant is not a church but Grant's property seems to be located between church and related school; prepared email correspondence to local process server forwarding summons and complaint and location photos for attempted service on Grant. | SK | 0.60 | 60.00 | |
| 2/7/2017 | Lawyer: SK 0.20<br>Hrs X 100.00 | Filed initial status report with court. | SK | 0.20 | 20.00 | |
| 2/7/2017 | Lawyer: KM 0.40<br>Hrs X 220.00 | Prepared initial status report of status of litigation; reviewed file materials as necessary to prepare report. | KM | 0.40 | 88.00 | |
| 2/8/2017 | Lawyer: KM 1.40<br>Hrs X 220.00 | Appeared in court before Judge Blakey regarding initial status conference, default against two defendants and continued service on Martin Grant set for 3/2/17. (1.3) Reviewed ECF court order of Judge Blakey granting default and setting next hearing date. (.1) | KM | 1.40 | 308.00 | |
| 2/14/2017 | Lawyer: KM 0.40<br>Hrs X 220.00 | Attention to file for status of service on Martin Grant by reviewing file materials related to same, conferring with S. Keating regarding     REDACTED | KM | 0.40 | 88.00 | |
| 2/15/2017 | Lawyer: KM 0.30<br>Hrs X 220.00 | Confer with S. Keating and W. Major (Process Server) regarding        REDACTED | KM | 0.30 | 66.00 | |
| 2/15/2017 | Lawyer: SK 0.20<br>Hrs X 100.00 | Call from process server regarding continuing problems with service on Martin Grant; confer with K. McJessy regarding REDACTED; process server will search for an address link between Patricia King and Martin Grant. | SK | 0.20 | 20.00 | |
| 2/28/2017 | Lawyer: KM 1.90<br>Hrs X 220.00 | Telephone call with W. Major, process server, regarding status of service on Martin Grant and his contention of service on Stacey Smith satisfies service. (.2) Reviewed file materials and research related to service of summons on S. Smith which process server claims is good service because Martin Grant registered his car at | KM | 1.90 | 418.00 | |

Client Ledger
ALL DATES

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| | | her address 1601 Cleveland, Chicago and determined that M. Grant's home was foreclosed and purchased by S. Smith so service is likely not good; work with S. Keating to review LEXIS reports for information on S. Smith, M. Grant and 1601 Cleveland, Chicago where service occurred. (1.0) Telephone call with J. Conklin regarding     REDACTED (.1) Reviewed correspondence from J. Conklin regarding     REDACTED   ; partially reviewed same. (.2) Started drafting motion for extension of time to serve M. Grant under Rule 4(m). (.4) | | | | |
| 2/28/2017 | Lawyer: JS 0.60 Hrs X 205.00 | Completed drafting motion for leave for more time to serve defendant pursuant to Rule 4(m); edited and revised same. | JS | 0.60 | 123.00 | |
| 3/1/2017 | Lawyer: SK 0.50 Hrs X 100.00 | Prepared notice of motion for extension of time; filed motion for extension of time with court; filed notice of motion with court. | SK | 0.50 | 50.00 | |
| 3/1/2017 | Lawyer: KM 0.50 Hrs X 220.00 | Prepared motion for extension of time to serve M. Grant; reviewed file materials as necessary to draft motion. | KM | 0.50 | 110.00 | |
| 3/2/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Blakey continuing all matters to 4/19/17 at 9:45 am. | KM | 0.10 | 22.00 | |
| 3/2/2017 | Lawyer: KM 2.40 Hrs X 220.00 | Appeared in court for status hearing and for motion to extend time to serve Martin Grant, motion granted. (Time due to end of call on long hearing, 9:45 am appearance with case called at approximately. 10:50 am) | KM | 2.40 | 528.00 | |
| 3/3/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Reviewed documents relevant to locating whereabouts of M. Grant; confer with S. Keating regarding REDACTED. | KM | 0.30 | 66.00 | |
| 3/3/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Telephone call with J. Conklin regarding REDACTED REDACTED (.1) Reviewed correspondence from J. Conklin REDACTED . (.2) | KM | 0.30 | 66.00 | |
| 3/4/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Reviewed REDACTED received from J. Conklin and compared to client records, previous Lexis reports and internet searches and found no new service location information; confer with K. McJessy re: REDACTED | SK | 0.40 | 40.00 | |
| 4/6/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Reviewed documents and notes regarding service attempts on Martin Grant and prepared e-correspondence to Scott Stern Associates process servers forwarding summons and complaint to Martin Grant for service. | SK | 0.40 | 40.00 | |
| 4/17/2017 | Lawyer: KM 0.90 Hrs X 220.00 | Reviewed file for status of service on Martin Grant; unable to serve unable to locate despite two process servers, WESTLAW, LEXIS and search service. (.2) Prepared correspondence to J. Libby, N. Lagalo REDACTED (.3) Prepared motion to dismiss Martin Grant without prejudice since unable to locate | KM | 0.90 | 198.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|-------------------|-------------|------|-------|--------|-------|
| | | him and no further options at this time. (.4) | | | | |
| 4/18/2017 | Lawyer: SK 0.70 Hrs X 100.00 | Prepared notice of motion for motion to dismiss defendant Grant; filed motion to dismiss Grant with court; filed notice of motion with court; prepared correspondence to Judge Blakey forwarding file-stamped courtesy copies of same. | SK | 0.70 | 70.00 | |
| 4/18/2017 | Lawyer: KM 0.60 Hrs X 220.00 | Prepared motion for entry of default order compelling audit against Cottage Grove and Patricia King; reviewed file materials as necessary to prepare motion. | KM | 0.60 | 132.00 | |
| 4/19/2017 | Lawyer: KM 1.50 Hrs X 220.00 | Appeared in court before Judge Blakey regarding status of service and notice of pending motions to dismiss one defendant and for order compelling audit against the others; travel to and from court. (1.4) Reviewed ECF court order of Judge Blakey setting status for 4/19/17 and granting motion to dismiss Martin Grant without prejudice. (.1) | KM | 1.50 | 330.00 | |
| 5/3/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Prepared draft order for motion on default; prepared correspondence to proposed order box for Judge Blakey forwarding draft order. | KM | 0.30 | 66.00 | |
| 5/4/2017 | Lawyer: KM 2.20 Hrs X 220.00 | Appeared in court before Judge Blakey for motion for entry of default order; travel to and from court. (Noted longer attendance time due to unusual, special security at Dirksen Building and long call before Judge Blakey) | KM | 2.20 | 484.00 | |
| 5/5/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Blakey granting motion and entering default order. | KM | 0.10 | 22.00 | |
| 5/16/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to M. Ragona to confirm current auditor on this matter. | KM | 0.10 | 22.00 | |
| 5/17/2017 | Lawyer: KM 0.80 Hrs X 220.00 | Reviewed correspondence from M. Ragona advising he is handling the audit going forward. (.1) Prepared correspondence to Patricia King and Cottage Grove forwarding order and demanding compliance and explaining Trust Funds next action if Cottage Grove does not comply. (.7) | KM | 0.80 | 176.00 | |
| 6/20/2017 | Lawyer: JS 1.60 Hrs X 205.00 | Drafting Motion for Rule to Show Cause as to Patricia King, including Draft Order. | JS | 1.60 | 328.00 | |
| 6/20/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to M. Ragona on whether any records have been received in response to court order and demand. | KM | 0.10 | 22.00 | |
| 6/21/2017 | Lawyer: KM 0.50 Hrs X 220.00 | Reviewed correspondence from M. Ragona regarding no records received from Cottage Grove Glass for audit. (.1) Edited and revised motion for rule to show cause hearing prepared by J. Sopata and reviewed exhibits, added certified card. (.4) | KM | 0.50 | 110.00 | |
| 6/21/2017 | Lawyer: SK 0.40 Hrs X 100.00 | Prepared notice of motion for motion for rule to show cause; filed motion with court; filed notice of motion with court. | SK | 0.40 | 40.00 | |
| 7/5/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to P. King forwarding court order resetting court hearing to 7/12/17. | KM | 0.10 | 22.00 | |
| 7/12/2017 | Lawyer: KM 1.70 Hrs X 220.00 | Appeared in court before Judge Blakey regarding hearing on motion to set rule to show cause hearing, motion granted and date set for August 2, 2017; travel to and from court. (1.4) Revised draft order per in-court ruling; prepared correspondence to Judge Blakey's order submission box forwarding order. (.3) | KM | 1.70 | 374.00 | |
| 7/13/2017 | Lawyer: KM 0.40 | Prepared correspondence to P. King forwarding court | KM | 0.40 | 88.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|-------------------|-------------|------|-------|--------|-------|
| | Hrs X 220.00 | order for rule-to-show-cause hearing by process server and advising her of consequences if she does not comply, namely, writ of attachment. | | | | |
| 7/19/2017 | Lawyer: SK 0.20 Hrs X 100.00 | Prepared email correspondence to local process server forwarding 7/12/17 rule to show order, McJessy correspondence and 5/4/17 order for service upon Patricia King. | SK | 0.20 | 20.00 | |
| 7/26/2017 | Lawyer: SK 0.30 Hrs X 100.00 | Confer with and prepared email correspondence to process server re: status of service of K. McJessy transmittal letters and court's 2 orders regarding rule to show cause upon Patricia King (process server has made attempts but King not at Cottage Grove location; directed process server to skip trace P. King to affect service as court date is 8/2/17). | SK | 0.30 | 30.00 | |
| 8/1/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed affidavit of service of order on Patricia King; arranged for filing of same. | KM | 0.10 | 22.00 | |
| 8/2/2017 | Lawyer: SK 0.30 Hrs X 100.00 | Prepared and filed attorney appearance of J. Sopata with court. | SK | 0.30 | 30.00 | |
| 8/2/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Blakey granting motion for writ of attachment based on Patricia King's failure to appear in response to motion for rule to show cause. | KM | 0.10 | 22.00 | |
| 8/2/2017 | Lawyer: JS 1.50 Hrs X 205.00 | Attendance at Rule to Show Cause hearing, at which Writ of Attachment was ordered for Patricia King; travel to and from court. | JS | 1.50 | 307.50 | |
| 8/7/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed notice of telephone call from Patricia King, Cottage Grove owner, regarding audit, current order and need for compliance upon pain of arrest. | KM | 0.10 | 22.00 | |
| 8/9/2017 | Lawyer: KM 0.80 Hrs X 220.00 | Reviewed correspondence from P. Dittoe, U.S. Marshal Service regarding rule to show cause and writ of attachment. (.1) Telephone call with P. King regarding order against her and need to appear in court and to submit to audit per court order. (.3) Telephone call to Judge Blakey's courtroom deputy, Gloria, with P. King and left message asking to set status hearing date now so P. King can appear. (.1) Prepared correspondence to P. King forwarding contact information for auditor and seeking to confirm our telephone call today. (.2) Prepared correspondence to N. Lagalo and J. Libby regarding　　REDACTED (.1) | KM | 0.80 | 176.00 | |
| 8/14/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed correspondence from P. King following up on efforts to reach auditor to schedule the audit; prepared correspondence to M. Ragona forwarding email from P. King trying to set up audit. (.1) Reviewed correspondence from M. Ragona confirming audit is scheduled for 8/18/17 at 9:00 am. (.1) | KM | 0.20 | 44.00 | |
| 8/17/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Telephone call with M. Ragona regarding cooperation of Patricia King and audit of Cottage Grove scheduled for tomorrow. | KM | 0.20 | 44.00 | |
| 8/22/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Telephone call from M. Ragona regarding results of audit, not all records produced, supplemental document request forthcoming. (.2) Reviewed correspondence from M. Ragona forwarding record request that was just sent to Cottage Grove Glass Co. (.1) | KM | 0.30 | 66.00 | |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|---|---|---|---|---|---|---|
| 8/24/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Telephone call to P. King to arrange hearing before Judge Blakey; call with P. King to G. Lewis, Judge Blakey's courtroom deputy, and left message. | KM | 0.20 | 44.00 | |
| 8/25/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed and responded to correspondence from P. Dittoe (U.S. Marshal Service) regarding status of compliance with the rule to show cause order. | KM | 0.10 | 22.00 | |
| 8/29/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call with M. Ragona regarding documents due today he will follow up tomorrow. | KM | 0.10 | 22.00 | |
| 9/11/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Telephone call with P. King regarding production of information to Legacy, namely, bank statements and forthcoming hearing on 9/14/17 and need for her to appear. | KM | 0.10 | 22.00 | |
| 9/12/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from M. Ragona forwarding updated record request for Cottage Grove Glass Company; prepared correspondence to J. Sopata forwarding same for hearing he is covering on 9/14/17. | KM | 0.10 | 22.00 | |
| 9/13/2017 | Lawyer: JB 0.30 Hrs X 205.00 | Preparation and consultation with KPM regarding 9/14/17 hearing. | JB | 0.30 | 61.50 | |
| 9/14/2017 | Lawyer: JS 1.50 Hrs X 205.00 | Attendance at Writ of Attachment hearing, at which Defendant appeared in Court and was ordered to cooperate with proceedings; travel to and from hearing. | JS | 1.50 | 307.50 | |
| 9/14/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed ECF court order of Judge Blakey setting court hearing for 9/28/17; prepared correspondence to P. King forwarding court order. | KM | 0.10 | 22.00 | |
| 10/3/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Telephone call with M. Ragona regarding production of records from Cottage Grove, records not produced, follow up regarding status of audit. (.2) Prepared correspondence to Cottage Grove forwarding record request from Legacy Professionals and advising of ongoing failure to produce information, she is ordered to appear on October 12th per the Court's prior order and forwarded court's prior order. (.2) | KM | 0.40 | 88.00 | |
| 10/4/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Prepared correspondence to J. Conklin forwarding REDACTED **REDACTED**. (.1) Reviewed correspondence from Cottage Grove Glass Company responding to KPM email from 10/3/17 with summary of records it does not have; prepared correspondence to Cottage Grove Glass Company responding to same. (.1) | KM | 0.20 | 44.00 | |
| 10/4/2017 | Lawyer: KM 0.70 Hrs X 220.00 | Telephone call from P. King, Cottage Grove Glass Company, responding to KPM email, will produce bank statements and tax returns today, claims not to have any other documents. (.2) Prepared correspondence to P. King and M. Ragona, confirming same. Prepared correspondence to client **REDACTED**. (.1) Reviewed correspondence from P. King forwarding partial bank statements for the audit period; reviewed 12-months of bank statements. (.3) Prepared correspondence to P. King advising of specific 12-months of bank statements still missing. (.1) | KM | 0.70 | 154.00 | |
| 10/5/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Telephone call with M. Ragona regarding new record request to Cottage Grove and agreement on records that have still not been produced. (.2) Prepared correspondence to P. King regarding follow up on remaining bank statements. (.1) Reviewed | KM | 0.40 | 88.00 | |

Client Ledger

ALL DATES

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| | | correspondence from P. King advising she will forwarding remaining bank statements tomorrow morning. (.1) | | | | |
| 10/6/2017 | Lawyer: KM 0.50 Hrs X 220.00 | Reviewed several correspondence from P. King forwarding additional bank statements; reviewed bank statements for company activity. (.4) Prepared several correspondence to M. Ragona forwarding bank statements for audit. (.1) | KM | 0.50 | 110.00 | |
| 10/11/2017 | Lawyer: KM 1.30 Hrs X 220.00 | Reviewed file materials for preparation of subpoenas; prepared subpoena rider for BMO Harris Bank and prepared subpoena rider for Southshore Federal Credit Union. (1.0) Reviewed and responded to correspondence from P. King, Cottage Grove Glass Company, regarding whether we have all the records we require and whether she has to appear tomorrow, and forwarding to her the court's last order. (.2) Telephone call from P. King regarding hearing set for tomorrow. (.1) | KM | 1.30 | 286.00 | |
| 10/11/2017 | Lawyer: SK 0.60 Hrs X 100.00 | Prepared document subpoenas to BMO Harris Bank and Southside Federal Credit Union (.4); prepared certificate of service forwarding same to Cottage Grove (.2). | SK | 0.60 | 60.00 | |
| 10/12/2017 | Lawyer: KM 1.50 Hrs X 220.00 | Reviewed correspondence from P. King advising she has an emergency this morning and cannot be at the court hearing. (.1) Appeared in court before Judge Blakey regarding status hearing on production of records for the audit; travel to and from court. (1.4) | KM | 1.50 | 330.00 | |
| 10/13/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Prepared correspondence to P. King forwarding court order from hearing, advising she should have called Judge Blakey's chambers. Reviewed and responded to correspondence from P. King regarding next hearing date set for 11/22/17. | KM | 0.10 | 22.00 | |
| 10/30/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Reviewed correspondence from Southside Credit Union forwarding partial subpoena response; reviewed documents produced by Southside Credit Union showing transactions by Cottage Grove previously undisclosed to auditor. | KM | 0.30 | 66.00 | |
| 11/3/2017 | Lawyer: KM 0.10 Hrs X 220.00 | Reviewed correspondence from BMO Harris Bank confirming receipt of subpoena and requesting until December 1, 2017 to respond with production of records. | KM | 0.10 | 22.00 | |
| 11/15/2017 | Lawyer: SK 0.20 Hrs X 100.00 | Forwarded subpoena responses of Southside Credit Union and BMO Harris to M. Ragona. | SK | 0.20 | 20.00 | |
| 11/22/2017 | Lawyer: KM 0.30 Hrs X 220.00 | Telephone call with J. Sopata regarding REDACTED REDACTED . (.2) Reviewed and responded to correspondence from P. King regarding results of hearing which she did not attend. (.1) | KM | 0.30 | 66.00 | |
| 11/22/2017 | Lawyer: JS 1.50 Hrs X 205.00 | Attendance at status call, at which judge was informed of documents obtained and forthcoming audit report. | JS | 1.50 | 307.50 | |
| 12/7/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Reviewed audit report of Cottage Grove Glass Company with findings. | KM | 0.20 | 44.00 | |
| 12/21/2017 | Lawyer: KM 0.20 Hrs X 220.00 | Telephone call to J. Conklin regarding REDACTED REDACTED . (.1) Reviewed correspondence from J. Conklin forwarding REDACTED . (.1) | KM | 0.20 | 44.00 | |

Client Ledger
ALL DATES

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| 12/22/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Prepared audit demand letter seeking payment of final amount due according to the audit. | KM | 0.40 | 88.00 | |

| | UNBILLED | | | | BILLED | | | | BALANCES | |
|---------|------|---------|--------|---------|--------|--------|--------|----------|-----|-------|
| | CHE + | RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST |
| TOTALS | | | | | | | | | | |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |
| END DA | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |

| | UNBILLED | | | | BILLED | | | | BALANCES | |
|---------|------|---------|--------|---------|--------|--------|--------|----------|-----|-------|
| | CHE + | RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST |
| FIRM TO | | | | | | | | | | |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |
| END DA | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |

REPORT SELECTIONS - Client Ledger

| | |
|---|---|
| Layout Template | Attorneys Fee Petition |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Monday, February 12, 2018 at 10:33:35 AM |
| Ver | 13.0 SP2 (13.0.20140210) |
| Matters | 0288-COTT |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | No |
| Entries Shown - Receipts | No |
| Entries Shown - Time or Fees | Yes |
| Entries Shown - Trust | No |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |
| Trust Account | All |
| Working Lawyer | All |
| Include Corrected Entries | No |
| Show Check # on Paid Payables | No |
| Show Client Address | No |
| Consolidate Payments | No |
| Show Trust Summary by Account | No |
| Show Interest | No |
| Interest Up To | Feb/12/2018 |
| Show Invoices that Payments Were Applied to | No |
| Display Entries in | Date Order |

| Date | Received From/Paid | Explanation | Lwyr | Hours | Amount | Disbs |
|------|--------------------|-------------|------|-------|--------|-------|
| 12/22/2017 | Lawyer: KM 0.40 Hrs X 220.00 | Prepared audit demand letter seeking payment of final amount due according to the audit. | KM | 0.40 | 88.00 | |

| | \|—— UNBILLED ——\| | | | \|—— BILLED ——\| | | | \|—— BALANCES ——\| |
|--------|-----|---------|--------|---------|-------|-------|----------|--------|-------|-------|
| TOTALS | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |
| END DA | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |

| | \|—— UNBILLED ——\| | | | \|—— BILLED ——\| | | | \|—— BALANCES ——\| |
|----------|-----|---------|--------|---------|-------|-------|----------|--------|-------|-------|
| FIRM TOT | CHE | + RECOV | + FEES | = TOTAL | DISBS | + FEES | + TAX | RECEIPTS | = A/R | TRUST |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |
| END DA | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |

## REPORT SELECTIONS - Client Ledger

| | |
|---|---|
| Layout Template | Attorneys Fee Petition |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Monday, February 12, 2018 at 10:33:35 AM |
| Ver | 13.0 SP2 (13.0.20140210) |
| Matters | 0288-COTT |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | No |
| Entries Shown - Receipts | No |
| Entries Shown - Time or Fees | Yes |
| Entries Shown - Trust | No |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |
| Trust Account | All |
| Working Lawyer | All |
| Include Corrected Entries | No |
| Show Check # on Paid Payables | No |
| Show Client Address | No |
| Consolidate Payments | No |
| Show Trust Summary by Account | No |
| Show Interest | No |
| Interest Up To | Feb/12/2018 |
| Show Invoices that Payments Were Applied to | No |
| Display Entries in | Date Order |

16 CV 11148

# Exhibit  2

McJessy, Ching & Thompson, LLC
Client Ledger
ALL DATES

| Date | Received From/Paid To | Explanation | | | | Lwyr | Hours | Amount | Disbs |
|------|------|------|------|------|------|------|------|------|------|
| **1000  Chicago Regional Council of Carpenters -** | | | | | | | | | |
| **0288-COTT** | **Cottage Grove Glass Co., Inc. - Audits** | | | | | **Resp Lawyer: KM** | | | |
| 9/21/2016 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 7.04 |
| 9/30/2016 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 4.32 |
| 10/20/2016 | Billing on Invoice 10524 | FEES | 88.00 | DISBS | 11.36 | | 0.00 | | 0.00 |
| 11/14/2016 | Billing on Invoice 10609 | FEES | 22.00 | | | | | | 0.00 |
| 12/20/2016 | Billing on Invoice 10661 | FEES | 22.00 | | | | | | 0.00 |
| 12/31/2016 | Midwest Investigations | Process Server recovery - as to Cottage Grove Glass and Patricia King | | | | | 0.00 | | 85.00 |
| 12/31/2016 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 4.44 |
| 1/12/2017 | RELX Inc.d/b/a LexisNexis | Legal Research | | | | | 0.00 | | 2.70 |
| 1/20/2017 | Billing on Invoice 10729 | FEES | 722.00 | DISBS | 89.44 | | | | 0.00 |
| 1/26/2017 | Capital One Services | Filing Fee | | | | | 0.00 | | 400.00 |
| 1/31/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 4.80 |
| 1/31/2017 | RELX Inc.d/b/a LexisNexis | Legal Research | | | | | 0.00 | | 7.24 |
| 2/20/2017 | Billing on Invoice 10798 | FEES | 148.00 | DISBS | 414.74 | | | | 0.00 |
| 2/28/2017 | RELX Inc.d/b/a LexisNexis | Legal Research | | | | | 0.00 | | 8.14 |
| 3/20/2017 | Billing on Invoice 10872 | FEES | 1521.00 | DISBS | 8.14 | | | | 0.00 |
| 4/18/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 1.34 |
| 4/20/2017 | Billing on Invoice 10947 | FEES | 882.00 | | | | | | 0.00 |
| 4/30/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 4.56 |
| 5/15/2017 | RELX Inc.d/b/a LexisNexis | Legal Research April 2017 | | | | | 0.00 | | 3.74 |
| 5/17/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 7.02 |
| 5/19/2017 | Billing on Invoice 11051 | FEES | 770.00 | DISBS | 5.90 | | | | 0.00 |
| 5/31/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 3.24 |
| 6/20/2017 | Billing on Invoice 11129 | FEES | 770.00 | DISBS | 14.00 | | | | 0.00 |
| 6/21/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 1.82 |
| 6/30/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 5.88 |
| 7/5/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 0.46 |
| 7/20/2017 | Billing on Invoice 11191 | FEES | 500.00 | DISBS | 7.70 | | | | 0.00 |
| 7/31/2017 | Midwest Investigations | Process Server recovery - Letter and Rule to Show Cause Order on P. King | | | | | 0.00 | | 85.00 |
| 7/31/2017 | RELX Inc.d/b/a LexisNexis | Legal Research July 2017 | | | | | 0.00 | | 8.35 |
| 7/31/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 6.60 |
| 8/2/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 0.46 |
| 8/18/2017 | Billing on Invoice 11247 | FEES | 534.00 | DISBS | 100.41 | | | | 0.00 |
| 8/31/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 28.85 |
| 9/20/2017 | Billing on Invoice 11333 | FEES | 821.50 | DISBS | 29.31 | | | | 0.00 |

Client Ledger
ALL DATES

| Date | Received From/Paid To | Explanation | | | | Lwyr | Hours | Amount | Disbs |
|------|----------------------|-------------|---|---|---|------|-------|--------|-------|
| 10/11/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 16.40 |
| 10/20/2017 | Billing on Invoice 11390 | FEES | 435.00 | | | | | | 0.00 |
| 10/26/2017 | PACEr | PACR | | | | | 0.00 | | 0.30 |
| 11/15/2017 | BMO Harris Bank N.A. | Photocopy Recovery - Subpoena #813725-17 | | | | | 0.00 | | 177.85 |
| 11/20/2017 | Billing on Invoice 11565 | FEES | 1248.00 | DISBS | 16.70 | | | | 0.00 |
| 11/22/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 0.46 |
| 12/18/2017 | Billing on Invoice 11640 | FEES | 415.50 | DISBS | 178.31 | | | | 0.00 |
| 12/22/2017 | Expense Recovery | Postage Recovery | | | | | 0.00 | | 3.00 |
| 12/31/2017 | Expense Recovery | Photocopy Recovery | | | | | 0.00 | | 2.04 |
| 1/19/2018 | Billing on Invoice 11667 | FEES | 176.00 | DISBS | 5.04 | | | | 0.00 |

| | |————— UNBILLED —————| | |————— BILLED —————| | |——— BALANCES ———| |
|--------|-----|---------|--------|---------|--------|---------|--------|----------|--------|--------|
| TOTALS | CHE + | RECOV + | FEES = | TOTAL | DISBS + | FEES + | TAX | RECEIPTS | = A/R | TRUST |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |
| END DA | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |

| | |————— UNBILLED —————| | |————— BILLED —————| | |——— BALANCES ———| |
|----------|-----|---------|--------|---------|--------|---------|--------|----------|--------|--------|
| FIRM TO | CHE + | RECOV + | FEES = | TOTAL | DISBS + | FEES + | TAX | RECEIPTS | = A/R | TRUST |
| PERIOD | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |
| END DA | 0.00 | 0.00 | 0.00 | 0.00 | 881.05 | 9075.00 | 0.00 | 9956.05 | 0.00 | 0.00 |

REPORT SELECTIONS - Client Ledger

| | |
|---|---|
| Layout Template | Attorneys Fee Petition |
| Advanced Search Filter | None |
| Requested by | ADMIN |
| Finished | Monday, February 12, 2018 at 10:05:16 AM |
| Ver | 13.0 SP2 (13.0.20140210) |
| Matters | 0288-COTT |
| Clients | All |
| Major Clients | All |
| Client Intro Lawyer | All |
| Matter Intro Lawyer | All |
| Responsible Lawyer | All |
| Assigned Lawyer | All |
| Type of Law | All |
| Select From | Active, Inactive, Archived Matters |
| Matters Sort by | Default |
| New Page for Each Lawyer | No |
| New Page for Each Matter | No |
| No Activity Date | Dec/31/2199 |
| Firm Totals Only | No |
| Totals Only | No |
| Entries Shown - Billed Only | No |
| Entries Shown - Disbursements | Yes |
| Entries Shown - Receipts | No |
| Entries Shown - Time or Fees | No |
| Entries Shown - Trust | No |
| Incl. Matters with Retainer Bal | No |
| Incl. Matters with Neg Unbld Disb | No |

# 16 CV 11148

# Exhibit C

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

CHICAGO REGIONAL COUNCIL OF
CARPENTERS PENSION FUND, et al.,

                Plaintiffs,

    v.

COTTAGE GROVE GLASS COMPANY
INCORPORATED, *et al.*,

                Defendants.

16 CV 11148

Judge John Blakey

## JUDGMENT

Plaintiffs Chicago Regional Council of Carpenters Pension Fund *et al.*'s ("Trust Funds") motion for entry of judgment is granted and judgment is entered in favor of the Trust Funds and jointly and severally against COTTAGE GROVE GLASS COMPANY INCORPORATED, a dissolved Illinois corporation and PATRICIA KING doing business as COTTAGE GROVE GLASS COMPANY INCORPORATED ("Defendants") in the amount of $16,621.67 as follows:

A.    $2,836.01 in unpaid fringe benefit contributions pursuant to the audit;

B.    $2,565.00 for auditor's fees incurred by the Trust Funds to complete the audit of Defendant's fringe benefit contributions;

C.    $361.67 in interest pursuant to 29 U.S.C. § 1132(g)(2)(B);

D.    $902.94 in liquidated damages pursuant to 29 U.S.C. § 1132(g)(2)(C); and

E.    $9,956.05 in reasonable attorneys' fees and costs the Trust Funds incurred in this action pursuant to 29 U.S.C. § 1132(g)(1) and/or § 1132(g)(2)(D).

The Trust Funds shall also recover reasonable attorney' fees and costs incurred by the Trust Funds in enforcing this order and any such further relief as this Court deems appropriate. *See Free v. Briody,* 793 F.2d 807, 808-09 (7th Cir. 1986).

_____          _____
     Date                               Judge John Blakey

16 CV 11148

# Exhibit D



**M**Mc Jessy, Ching &
**M**Thompson llc

Kevin McJessy (Licensed Illinois)
Angela Ching (Licensed California)
Kim Thompson (Licensed Illinois, California)

Kevin P. McJessy
3759 N. Ravenswood, Suite 231
Chicago, Illinois 60613
(773) 880-1260 MAIN
(773) 880-1261 DIRECT
(773) 880-1265 FAX
mcjessy@MCandT.com

**VIA EMAIL TO: cottagegroveglass@sbcglobal.net**

**WITH A COPY VIA U.S. MAIL**

December 22, 2017

Cottage Grove Glass Company, Inc.
c/o Patricia King, President
7401 S. Cottage Grove
Chicago, Illinois, 60619

RE:     *Chicago Regional Council of Carpenters Pension Fund et al. v. Cottage Grove Glass
Company, Inc., et al.,*   Case No. 16CV11148
        **Demand on Audit Report**

Dear Ms. King:

I am enclosing a copy of the Audit Report prepared by Legacy Professionals LLP ("Legacy") for
the Chicago Regional Council of Carpenters Pension Fund *et al.* ("Trust Funds") based on the
documents produced by Defendants Cottage Grove Glass Company, Inc. and Patricia King
(collectively "Cottage Grove") for the period October 19, 2015 to June 30, 2017 ("Audit
Period").

According to the Audit Report, Cottage Grove owes the Trust Funds **$2,836.01** in unpaid fringe
benefit contributions. In addition, Cottage Grove owes $902.94 in liquidated damages, $345.47
in interest, $2,565.00 in auditors' fees and $9,401.20 in attorneys' fees and costs. Accordingly,
the total amount due is $16,050.62.

| | |
|---|---:|
| Unpaid Contributions | $2,836.01 |
| Liquidated Damages | $902.94 |
| Interest | $345.47 |
| Auditors' Fees | $2,565.00 |
| Attorneys' Fees & Costs | $9,401.20 |
| Total Due | $16,050.62 |

If Cottage Grove objects to any findings in the Audit Report it must provide its objections to us
by **January 2, 2018**. Cottage Grove should provide specific objections to the findings in the
Audit Report in writing and produce any documents that Cottage Grove may have which support
its objections. The objections and documents must be delivered to our office on or before
**January 2, 2018**.

If we do not receive any objections along with supporting documents from Cottage Grove disputing the findings in the Audit Report on or before **January 2, 2018**, we will presume that the findings in the Audit Report are accurate and we will file an appropriate motion with the Court seeking entry of a final judgment against Cottage Grove for all amounts due.

Note that it is our understanding that Cottage Grove is not represented by counsel in this matter and, therefore, we are directing this letter to your attention. If Cottage Grove has hired counsel to represent it in this matter, please provide us with the name and contact information of Cottage Grove's counsel, such as a phone number, address or email address, and we will address all future communications to Cottage Grove's counsel.

We look forward to Cottage Grove's response to this letter no later than **January 2, 2018**.

Sincerely,

McJessy, Ching & Thompson, LLC

Kevin P. McJessy

KPM/sk
Enclosure

cc:    Kristina Guastaferri (w/enc., via email)
       John Conklin (w/enc., via email)



**LEGACY**
PROFESSIONALS LLP
CERTIFIED PUBLIC ACCOUNTANTS

November 22, 2017

Ms. Kristina Guastaferri, Administrator
Chicago Regional Council of Carpenters
Fringe Benefit Funds
12 East Erie Street
Chicago, Illinois 60611

      Re: Employer:     Cottage Grove Glass Co Inc (#25509)
          Reporting Period:  October 19, 2015 to June 30, 2017

We were engaged by the Board of Trustees of the Chicago Regional Council of
Carpenters Fringe Benefit Funds (the Funds), to assist them in determining whether the
above referenced employer's contributions to the Funds were made in accordance with
the provisions of the Collective Bargaining and Trust Agreements during the above
referenced reporting period.

The employer's management is responsible for making contributions in accordance with
the provisions of the Collective Bargaining and Trust Agreements.

This engagement was performed in accordance with Statements on Standards for
Consulting Services issued by the American Institute of Certified Public Accountants.
We were not engaged to, and did not, conduct an audit, the objective of which would be
the expression of an opinion on the employer's fulfillment of their contribution
requirements of the Collective Bargaining and Trust Agreements. Accordingly, we do
not express such an opinion. Had we performed additional procedures, other matters
might have come to our attention that would have been reported to you.

Our procedures and findings are included in the attached schedules.

This report is intended solely for the information and use of the Trustees and
Administrator of the Chicago Regional Council of Carpenters Fringe Benefit Funds and
is not intended to be and should not be used by anyone other than these specified parties.

*Legacy Professionals LLP*

# Chicago Regional Council of Carpenters Trust Funds

## ERISA Employer Audit Procedures

### April 2008 (Revised May 2017)

# PROCESSES

## I. GENERAL:

a. Review the ERISA employer audit initiation request document(s) and CRCC's Employer File Inquiry reports for the specified period.

b. Review the Collective Bargaining Agreement and Addendum(s) to determine the applicable hours subject to contributions.

c. Compare the Federal Employer Identification Number (FEIN) and organizational type (i.e. proprietorship, partnership, corporation, etc.) reflected in CRCC's Employer data base to documents reviewed and/or discussions with the employer representative. Address any differences in the report.

d. Identify the records to be reviewed.

e. Discuss with the Trust Fund's Office any questionable issues that may arise such as: scope limitation(s), piece-rate bonus/incentive wages paid to individuals performing jurisdictional work, items addressed in the ERISA employer audit initiation request and other unusual or special circumstances.

f. If hours worked are not available or do not appear credible, alternate procedures may need to be applied, and should be discussed with the Trust Fund's Office.

g. Calculate discrepancy dollars by multiplying the discrepancy hours listed in the report findings by the appropriate contribution rates.

h. Liquidated damages should be computed at 1.5% compounded monthly on each month that discrepancy dollars are owed, not to exceed 20% of the total discrepancy dollars owed.

## II. PAYROLL:

a. Review copies of tax and/or related documents to determine the completeness of the payroll records and to identify the individuals employed by the company.

b. Compile a list of individuals the company reported to the CRCC Trust Funds during the engagement period. Identify discrepancies that exist between the hours worked by individuals (not considered as management or superintendent) and the hours reported to the CRCC Trust Funds. Include the discrepancy hours in the report findings.

c. Compile a list of individuals the company reported to other Carpenter Trust Funds during the engagement period. From that list, identify discrepancies that exist between the hours worked by individuals (not considered as management or superintendent) and the hours reported to the other Carpenter Trust Funds. Use the criteria specified by the CRCC Trust Funds (see Criteria for Individuals) for inclusion of under and over reported hours of an individual. In months where

individuals are reported exclusively to other Carpenter Trust Funds, do not include any credit discrepancies in the report findings, unless instructed otherwise by the CRCC Trust Fund's Office.

d. Eliminate individuals listed on this employer's contribution report(s) submitted to other Union Trade trust funds, provided those individuals were not reported by this employer to any Carpenter Trust Fund in or around the engagement period and it was reasonably determined that non-jurisdictional work was performed.

e. Identify individuals who were not listed on this employer's contribution reports, but meet criteria specified by the CRCC Trust Funds (see Criteria for Individuals) for inclusion. Include their hours in the report findings and provide the Trust Funds with each individual's address, phone number, hourly wage rate, and job description (if available).

f. Identify individuals who were not listed on this employer's contribution reports, do not meet criteria specified by the Trust Funds (see Criteria for Individuals) for inclusion, but do meet criteria that may warrant further consideration by the Trust Funds. Capture the employees' quarterly gross wages and provide the Trust Funds with a list of these individuals, as well as, their addresses, phone numbers, hourly wage rates, and job descriptions (if available).

g. Identify individuals who meet criteria specified by the Trust Funds (see Criteria for Individuals) for participation in the 160 hour program. Do not include their hours in the report findings, but specify those month(s) reported at less than 160 hours. Provide the Trust Funds with each individual's address, phone number, hourly wage rate or note if "salaried." Also indicate if the individual was reported, works with tools of the trade, identify and note any familial relation (if known), and note potential employee misclassification in the Trust Funds' data base.

h. If the above procedures are not applicable, individuals may be eliminated based upon other criteria specified by the Trust Fund's Office (see Criteria for Individuals).

## III. DISBURSEMENTS:

a. Peruse the disbursement records to identify payees that are known, acknowledged or appear to perform bargaining unit work and request the Employer provide a description of the goods or services provided for each payee.

b. Review Federal Forms 1096 and Forms 1099-Misc (if available) and compare recipient names to the aforementioned payees.

c. Identify those payees who appear to meet criteria specified by the Trust Funds and record the payments issued to these payees during the engagement period. Some of the payees may be eliminated based upon criteria specified by these Trust Funds (see Criteria for Individuals and Entities).

d. Request sample invoices from the employer representative to determine the type of work performed for each payee. Additional invoices should be requested for all payments to each payee performing jurisdictional work, or who is not clearly defined and/or excludable. Payments for jurisdictional work should be included in the report findings. Payments for non-jurisdictional work should be excluded from the report findings. Jurisdictional work should be assumed if no invoice is provided.

*Perform the below procedures on payments to payee that have not been excluded*

<u>Individuals:</u>

e.  Identify individuals paid through disbursements that meet criteria specified by these Trust Funds (see Criteria for Individuals) for inclusion in the report findings. If hours are not specified, determine reportable hours based upon Trust Fund criteria (see Calculation of Hours – Individual). Also provide the Trust Funds with each individual's address, phone number, hourly wage rate, and job description (if available).

<u>Entities:</u>

f.  Identify entities that may have performed bargaining unit work and were not signatory to the Collective Bargaining Agreement at the time payment was issued. Include in the report findings the hours worked within the Trust Funds' geographic jurisdiction (if identifiable). If hours are not reflected on the invoices, hours should be determined based upon criteria specified by the Trust Funds (see Criteria for Entities). Also provide the Trust Funds with the entities' name, address, phone number and a brief description of the goods/services provided (if available).

g.  Identify entities signatory to the Collective Bargaining Agreement that may have performed bargaining unit work within the Trust Funds' geographic jurisdiction and did not report individuals in or around the months that payments were issued. Address each company in the report narrative, note the total amount paid, provide a description of the services, and enclose the invoice(s) (if available).

h.  Identify those potentially related entities not signatory to the Collective Bargaining Agreement at the time that payment was issued. These companies may be included in the report findings or their records pursued. Contact the Trust Fund's Office for further discussion.

# Records Reviewed

| | | | |
|---|---|---|---|
| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
| Employer:<br>Address: | Cottage Grove Glass Co Inc<br>7401 S Cottage Grove Ave<br>Chicago, IL 60619 | Contact:<br>Title:<br>Phone: | Patricia King<br>Owner<br>(773) 226-1550 |
| Phone: | (773) 226-1550 | | |

| ERISA Employer Audit Results | |
|---|---|
| Discrepancy Total Hours | 97.19 |
| Discrepancy Benefit Hours | 97.19 |
| Discrepancy Amount | $2,836.01 |
| Liquidated Damages | $567.20 |
| Grand Total | $3,403.21 |

| Associated Account(s) |
|---|
| |

| Reviewed | Employer Records |
|---|---|
| Yes | Annual Federal Unemployment Tax Return (940) |
| Yes | Bank Statements |
| No | Cash Disbursement Journals |
| Yes | Check Register / Cancelled Checks / Vouchers |
| N/A | Construction Loan Data |
| N/A | Contribution Reports to All Other Funds |
| Yes | Contribution Reports to Audited Funds |
| No | Federal Income Tax Returns (1120 or 1065) |
| No | General Ledgers |
| Yes | Individual Earnings Records |
| No | Invoices from Sub-Contractors |
| No | Job List/Job Cost Records |
| N/A | Miscellaneous Income Payment Reports (1099) |
| No | Payroll Journals |
| Yes | Quarterly Federal Tax Returns (941) |
| Yes | Quarterly Unemployment Wage Reports |
| N/A | Summary of Information Returns (1096) |
| No | Time Cards |
| Yes | Transmittal of Income and Tax Statements (W-3) |
| No | Vendor List |
| Yes | Wage and Tax Statements (W-2) |

| | | |
|---|---|---|
| Initiation Type: | New Agreement | Copy Forwarded to Attorney |
| Date Reviewed: | 11/29/17 | Reviewer: *Victor Ancel J, CPA* |

# Discrepancy Summary By Fund

| | | | | |
|---|---|---|---|---|
| Account Number: | 25509 | | Engagement Period: | October 19, 2015 to June 30, 2017 |
| Employer: | Cottage Grove Glass Co Inc | | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | | Title: | Owner |
| | Chicago, IL 60619 | | | |
| Phone: | (773) 226-1550 | | | |

| Fund | Period Ending | Discrepancy Hours | Contribution Rate | Contributions Due |
|---|---|---|---|---|
| Welfare | 10/15 to 9/16 | 97.19 | $11.79 | $1,145.88 |
| | 9/16 to 6/17 | 0.00 | $11.79 | $0.00 |
| Fund Totals: | | 97.19 | | $1,145.88 |
| Pension | 10/15 to 9/16 | 97.19 | $12.65 | $1,229.45 |
| | 9/16 to 6/17 | 0.00 | $13.60 | $0.00 |
| Fund Totals: | | 97.19 | | $1,229.45 |
| Apprenticeship | 10/15 to 9/16 | 97.19 | $0.63 | $61.23 |
| | 9/16 to 6/17 | 0.00 | $0.63 | $0.00 |
| Fund Totals: | | 97.19 | | $61.23 |
| Intl. Fund | 10/15 to 9/16 | 97.19 | $0.10 | $9.72 |
| | 9/16 to 6/17 | 0.00 | $0.10 | $0.00 |
| Fund Totals: | | 97.19 | | $9.72 |

# Discrepancy Summary By Fund

| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
|---|---|---|---|
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | | |
| Phone: | (773) 226-1550 | | |

| Fund | Period Ending | Discrepancy Hours | Contribution Rate | Contributions Due |
|---|---|---|---|---|
| Labor/Management | 10/15 to 9/16 | 97.19 | $0.02 | $1.94 |
| | 9/16 to 6/17 | 0.00 | $0.02 | $0.00 |
| **Fund Totals:** | | **97.19** | | **$1.94** |
| Supp Ret | 10/15 to 9/16 | 97.19 | $3.74 | $363.49 |
| | 9/16 to 6/17 | 0.00 | $4.00 | $0.00 |
| **Fund Totals:** | | **97.19** | | **$363.49** |
| IND ADV / M.I.A.F. | 10/15 to 9/16 | 97.19 | $0.00 | $0.00 |
| | 9/16 to 6/17 | 0.00 | $0.00 | $0.00 |
| **Fund Totals:** | | **97.19** | | **$0.00** |
| CAF | 10/15 to 9/16 | 97.19 | $0.25 | $24.30 |
| | 9/16 to 6/17 | 0.00 | $0.25 | $0.00 |
| **Fund Totals:** | | **97.19** | | **$24.30** |

| | |
|---|---|
| Sub-Total All Funds | $2,836.01 |
| Liquidated Damages | $567.20 |
| Total Amount Due to All Funds | $3,403.21 |

# Discrepancy Summary By Month

| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
|---|---|---|---|
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | | |
| Phone: | (773) 226-1550 | Page: | 1 of 8 |

| Reporting Period | Discrepancy Total Hours | Discrepancy Benefit Hours | Contribution Rate | Discrepancy Amount |
|---|---|---|---|---|
| October 2015 | (22.50) | (22.50) | $29.18 | ($656.55) |
| November 2015 | (35.03) | (35.03) | $29.18 | ($1,022.18) |
| December 2015 | 96.15 | 96.15 | $29.18 | $2,805.66 |
| February 2016 | 51.32 | 51.32 | $29.18 | $1,497.52 |
| March 2016 | 7.25 | 7.25 | $29.18 | $211.56 |

| Total Hours | 97.19 | Benefit Hours | 97.19 | Discrepancy Amount | $2,836.01 |
|---|---|---|---|---|---|
| | | | | Liquidated Damages | $567.20 |
| | | | | Total Amount Due | $3,403.21 |

# Discrepancy Summary By Error Type

| | | | |
|---|---|---|---|
| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | | |
| Phone: | (773) 226-1550 | Page: | 2 of 8 |

| Code | Description | Dollar Amount |
|---|---|---|
| | **SIGNATORY EMPLOYER: PAYROLL** | |
| P1 | Clerical Error | ($2,582.43) |
| P4 | Current Record | $5,418.44 |
| | Sub-Total Discrepancies From All Listed Codes | $2,836.01 |
| | Liquidated Damages | $567.20 |
| | Total Amount Due | $3,403.21 |

# Liquidated Damages Schedule

| Account Number: | 25509 | Engagement Period: | October 19, 2015 to June 30, 2017 |
|---|---|---|---|
| Employer: | Cottage Grove Glass Co Inc | Contact: | Patricia King |
| Address: | 7401 S Cottage Grove Ave | Title: | Owner |
| | Chicago, IL 60619 | | |
| Phone: | (773) 226-1550 | Page: | 3 of 8 |

| Reporting Period | Contributions Due | Compounding Periods | Calculating Percentage | Total Liquidated Damages Owed |
|---|---|---|---|---|
| October 2015 | ($656.55) | | | |
| November 2015 | ($1,022.18) | | | |
| December 2015 | $2,805.66 | 23 | 20.00% | $561.13 |
| February 2016 | $1,497.52 | 21 | 20.00% | $299.50 |
| March 2016 | $211.56 | 20 | 20.00% | $42.31 |

| | | | | |
|---|---|---|---|---|
| | | | **Total Damages this Schedule** | $902.94 |
| **Total Discrepancies** | $2,836.01 | | **20% of Discrepancies** | $567.20 |
| | | | **Assessed Damages** | $567.20 |

# Legacy Professionals LLP
## Monthly Detail Report

| | |
|---|---|
| Account Number: | 25509 |
| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 9-Oct | Ck Date 16-Oct | Ck Date 23-Oct | Ck Date 30-Oct | Ck Date 6-Nov | Total Hours | | | |
| ▬▬ | ARMSTRONG WYNSLEY | P1 | 48.50 | 48.50 | 0.00 | 0.00 | 0.00 | 0.00 | 26.00 | 26.00 | | (22.50) | (22.50) |
| | | | | Total | 0.00 | 0.00 | 0.00 | 0.00 | 26.00 | 26.00 | | (22.50) | (22.50) |

Total Items Listed in this Period:  1.00

# Legacy Professionals LLP
# Monthly Detail Report

| | |
|---|---|
| Account Number: | 25509 |
| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

Engagement Period: October 19, 2015 to June 30, 2017

Month: **November 2015**

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | Actual Hours Per Week | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 13-Nov | Ck Date 20-Nov | Ck Date 27-Nov | Ck Date 4-Dec | | | | |
| | ARMSTRONG WYNSLEY | P1 | 98.50 | 98.50 | 22.50 | 30.00 | 34.00 | 0.00 | 86.50 | | (12.00) | (12.00) |
| | HUBBARD ANDRE | P1 | 48.00 | 48.00 | 0.00 | 0.00 | 15.00 | 0.00 | 15.00 | | (33.00) | (33.00) |
| | Morris Dontez E | P4 | 0.00 | 0.00 | 0.00 | 0.00 | 30.97 | 0.00 | 30.97 | | 30.97 | 30.97 |
| | STONE JIMMY | P1 | 66.00 | 66.00 | 0.00 | 30.00 | 30.00 | 0.00 | 60.00 | | (6.00) | (6.00) |
| | TAYLOR DEVIN | P1 | 45.00 | 45.00 | 19.50 | 21.50 | 0.00 | 0.00 | 41.00 | | (4.00) | (4.00) |
| | WILLIS JOSEPH | P1 | 56.00 | 56.00 | 0.00 | 22.50 | 22.50 | 0.00 | 45.00 | | (11.00) | (11.00) |
| Total | | | | | 42.00 | 104.00 | 132.47 | 0.00 | 278.47 | 0.00 | (35.03) | (35.03) |

Total Items Listed in this Period: 6.00

**Legacy Professionals LLP**

# Monthly Detail Report

| | |
|---|---|
| Account Number: | 25509 |
| | |
| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

| | |
|---|---|
| Engagement Period: | October 19, 2015 to June 30, 2017 |
| Month: | **December 2015** |
| Page # : | **6 of 8** |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 11-Dec | Ck Date 18-Dec | Ck Date 25-Dec | | Total Hours | | | |
| ▓▓▓▓▓▓ | Morris Dontez E | P4 | 0.00 | 0.00 | 34.87 | 0.00 | 61.28 | | 96.15 | | 96.15 | 96.15 |
| | | Total | | | 34.87 | 0.00 | 61.28 | 0.00 | 96.15 | | 96.15 | 96.15 |

Total Items Listed in this Period:      1.00

**Legacy Professionals LLP**

# Monthly Detail Report

| | |
|---|---|
| Account Number: | 25509 |

| | |
|---|---|
| Employer: | Cottage Grove Glass Co Inc |
| Address: | 7401 S Cottage Grove Ave |
| | Chicago, IL 60619 |
| Phone: | (773) 226-1550 |

| | |
|---|---|
| Engagement Period: | October 19, 2015 to June 30, 2017 |
| Month: | **February 2016** |
| Page # : | 7 of 8 |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * Actual Hours Per Week * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 5-Feb | Ck Date 12-Feb | Ck Date 19-Feb | Ck Date 26-Feb | | | | | |
| | Morris Dontez E | P4 | 0.00 | 0.00 | 14.87 | 0.00 | 36.45 | 0.00 | | 51.32 | | 51.32 | 51.32 |
| | | | | Total | 14.87 | 0.00 | 36.45 | 0.00 | | 51.32 | | 51.32 | 51.32 |

Total Items Listed in this Period:    1.00

Legacy Professionals LLP

# Monthly Detail Report

| Account Number: | 25509 | | Engagement Period: | October 19, 2015 to June 30, 2017 |
| Employer: | Cottage Grove Glass Co Inc | | Month: | March 2016 |
| Address: | 7401 S Cottage Grove Ave | | Page # : | 8 of 8 |
| | Chicago, IL 60619 | | | |
| Phone: | (773) 226-1550 | | | |

| Reference Number | Employee / Payee Name | Error Code | Total Hours Reported | Benefit Hours Reported | * * * * * * Actual Hours Per Week * * * * * * | | | | | Total Hours | Capped Hours | Total Hour Difference | Benefit Hour Difference |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | Ck Date 4-Mar | Ck Date 11-Mar | Ck Date 18-Mar | Ck Date 25-Mar | | | | | |
| | Morris Dontez E | P4 | 0.00 | 0.00 | 7.25 | 0.00 | 0.00 | 0.00 | 7.25 | | 7.25 | 7.25 |
| | | Total | 0.00 | 0.00 | 7.25 | 0.00 | 0.00 | 0.00 | 0.00 | 7.25 | | 7.25 | 7.25 |

Total Items Listed in this Period:     1.00